UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK KENNEDY | CIVIL ACTION |
| VERSUS | NO. 11-922 |
| BURL CAIN | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on Report and Recommendation issued by the Magistrate Judge and the objections of the petitioner, Patrick Kennedy ("Kennedy"), who is challenging his conviction for aggravated rape of a person under the age of twelve, La. Rev. Stat. § 14:42, and attendant life sentence imposed on January 7, 2009. Kennedy presents eleven grounds for relief: (1) race and gender discrimination in the selection of grand jury forepersons; (2) trial by a death-qualified jury in a case in which the death penalty was unconstitutional; (3) denial of due process based on the States' alleged failure to timely provide certain evidence; (4) ineffective assistance of counsel; (5) trial by elected, rather than appointed, judges;  (6) trial court error in denial of a motion and providing of jury instructions; (7) trial court error in admitting gruesome photographs into evidence; (8) prosecutorial misconduct; (9) trial court error in admitting certain expert testimony; (10) exclusion of citizens from jury service based upon prior pardoned convictions; and (11) cumulative error.  The Magistrate Judge recommended denial of relief on all grounds, and the petitioner, who is represented by counsel, timely filed objections, to which the State replied.

The Court has independently reviewed the petition, the record, the Report and Recommendation of the United States Magistrate Judge, the petitioner's objections thereto, and the law.  The Court approves the Report and Recommendation of the United States Magistrate Judge as to the petitioner's first claim regarding race and regarding gender on all but one ground, as well as the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh claims and adopts the Report and Recommendation as to those claims as it opinion.  Those claims are dismissed for the reasons set forth in the Report and Recommendation.   For the following reasons, the Court does find that relief is warranted on the petitioner's first claim pertaining to the petitioner's equal protection challenge regarding gender discrimination in the selection of the grand jury forepersons.

Kennedy was indicted in May 1998 and filed a motion to quash the indictment based on the allegedly discriminatory selection of grand jury forepersons in Jefferson Parish.  As stated by the Magistrate Judge and reflected in the record, the claim challenging the constitutionality of the denial presents a mixed question of law and fact.  The state trial court held a hearing in 2002 and determined that during a ten-year period from May 24, 1988, to September 10, 1998, nineteen grand juries were empaneled.  The nineteen grand jury forepersons selected consisted of ten white males, six white females, one black female and two black males, indicating that 36.8% of the forepersons

chosen were women. The state trial court found that a *prima facie* case of purposeful discrimination had been established by the defense, but that the State successfully rebutted that showing with testimony of a judge and former assistant district attorney who testified that he was involved in the grand jury foreperson selection process for 19 years and solicited volunteers for the position to be interviewed by the judge and, in so doing, made positive efforts to include women. The state trial court found no gender discrimination in the process that selected grand jury forepersons. "The Court is persuaded after hearing all of the evidence, that the State of Louisiana has shown that there, to the extent of the statistics in the methodology for selecting Grand Jury Forepersons, that these criteria are permissible, racially and gender neutral." *State v. Kennedy*, 823 So.2d 411, 415 (La. App. 5th Cir. 2002).

On appeal, the Louisiana Fifth Circuit Court of Appeal found absolute disparity, resulting from the comparison of the percentage of women in the general population and the percentage of women chosen as grand jury forepersons, between 13.4% to 17.41% and comparative disparity, a number resulting from the division of absolute disparities by the population figure, between 26.7% and 32.12% for women. The Louisiana Fifth Circuit summarized the data as follows:

> Regarding women, it is noted that 36.8 % of the forepersons were women for the 10 year period. The 1990 census figures show 51.95% women, for an absolute disparity of 15.15%, and a comparative disparity of 29.16%. The 2000 census figures show 52% female, for an absolute disparity of 15.2%, and a comparative

disparity of 28.23%. Considering the voter registration from 1990 to 2000, females represent 54.21%, an absolute disparity of 17.41% and a comparative disparity of 32.12%. Considering the number of women called randomly to serve in grand juries from 1988 until 1998, 50.2%, the absolute disparity is 13.4% and the comparative disparity is 26.7%.

*Kennedy*, 823 So.2d at 418-419.   Based on this data, the Louisiana Fifth Circuit concluded:

> When the degree of under representation of women is considered along with all the other factors such as the improvement in the selection process in the preceding 10 years rather than 19 years, the large size of the population segment and correlative small comparative disparity, and the fact that only 19 grand juries are considered, we cannot conclude that the defendant made a *prima facie* showing of purposeful discrimination in the selection of grand jury forepersons.

*Id.* at 420.   This opinion was affirmed by the Louisiana Supreme Court.  *State v. Kennedy*, 836 So.2d 43 (La. 2003).

In *Rose v. Mitchell*, 443 U.S. 545, 556 (1979), the Supreme Court "recognized that a criminal defendant's right to equal protection of the laws has been denied when he is indicted by a grand jury from which members of a ... group purposefully have been excluded."  In order to establish an equal protection violation in the grand jury foreperson selection process sufficient for habeas relief, a *prima facie* case of discrimination is established if the defendant shows: (1) the group is a recognizable, distinct class, singled out for different treatment; (2) the degree of underrepresentation is calculable by comparing the proportion of the group in the total population to those chosen as grand jury forepersons over a significant period of time; and (3) the selection

4

procedure is susceptible of abuse. *Rose v. Mitchell*, 443 U.S. 545, 565 (1979). There is no issue here that the first and third requirements were met. If a *prima facie* case is established, the burden shifts to the defendant to "dispel the inference of intentional discrimination." *Castaneda v. Partida*, 430 U.S. 482, 497–98 (1977).

Habeas relief under 28 U.S.C. § 2254 (d) is available only if the state court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." The Court finds that the facts as articulated by the Louisiana Fifth Circuit mandates finding an equal protection violation by virtue of the United States Court of Appeals for the Fifth Circuit's own pronouncement of what it considers clearly established Federal law as determined by the Supreme Court.

Specifically, this Court is bound by its Fifth Circuit's announcement in *Mosley v. Dretke*, 370 F.3d 467, 479 (5th Cir. 2004) as to the defense showing on the second *Rose* prong pertaining to the degree of underrepresentation.

> It is true that the Supreme Court "has never announced mathematical standards for the demonstration of systematic exclusions of blacks." .... This Court has, however, recognized that absolute disparities of 19.7%, 14.7% and 13.5% are sufficient to satisfy this prong of the *Rose* test.

(citations omitted). This recognition by the Fifth Circuit that the Supreme Court finds

5

the cited percentages to be sufficient clearly establishes that an absolute disparity range between 13.4% to 17.41% is prohibitive.[1]   The *Mosley* opinion was issued in 2004 prior to the petitioner's resentencing, thereby providing a relevant measurement of the body of Supreme Court precedent at the time Kennedy's conviction became final.  *Wallace v. Prince*, 2013 WL 5486862 at *17  (M.D.La.).   *Mosley* mandates a finding of discrimination in the selection of grand jury forepersons here.

This conclusion is also consistent with the Louisiana Supreme Court's own decision in the only other equal protection gender challenge to the grand jury forepersons in Jefferson Parish over the same time period.   *State v. Jacobs*, 823 So.2d 942 (La. 2002).  In *Jacobs*, the Louisiana Supreme Court remanded to the trial court to conduct a full evidentiary hearing on the issue of discrimination in the selection of grand jury forepersons in Jefferson Parish in the event the state elected not to reindict the defendant.

Because the state court adjudication on this issue is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States according to the Fifth Circuit, that adjudication is not subject to AEDPA deference.  This Court also finds that the rebuttal evidence

---

[1]The *Mosley* court also noted that absolute disparity "is the only disparity used by this Court to determine underrepresentation" when the target group is a sufficiently large portion of the overall population.  *Mosley*, 370 F.3d at 479 n. 5.  The statistics for Jefferson Parish indicate that women have a slim majority.

presented to the state trial court is insufficient to rebut the *prima facie* case as a matter of law. Testimony was presented from someone whose role in the grand jury foreperson selection process consisted of "soliciting volunteers for the foreperson position" to be interviewed and chosen by the judge. *Kennedy*, 823 So.2d at 415. On this point, the Court agrees with the Louisiana Fifth Circuit's explicit finding that this testimony was insufficient to rebut a *prima facie* case as a matter of law. "Jurisprudence has shown that the State should present the testimony of the actual person(s) who made the selection of the grand jury foreperson." *Id.*, 823 So.2d at 415 n. 4. Therefore, the *prima facie* case of discrimination is unrebutted here, and the Court finds as a matter of law and fact that the defense has established that there was gender discrimination in the selection of grand jury forepersons at the time Kennedy was indicted resulting in an equal protection violation.

*Mosley* also provides this Court with clear guidance on the remedy that is appropriate here. "The Court noted that even if the original indictment were quashed, the defendant could be re-indicted, and re-convicted, with the same proof used at the first trial, so long as the procedure used "conforms to constitutional requirements." *Mosley*, 370 F.3d at 475, quoting *Rose*, 443 U.S. at 552. "While recognizing this as a cost, the Court nonetheless insisted this was the remedy necessary if discrimination were found in the selection of the grand jury or the grand jury foreperson." *Id.*, citing *Rose*,

443 U.S. at 551.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge is APPROVED as to the petitioner's first claim regarding race and regarding gender on all but one ground and APPROVED as to the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh claims; the Court ADOPTS the Report and Recommendation regarding those claims as it opinion and those claims are DISMISSED.

IT IS FURTHER ORDERED that the petitioner's objections to the Report and Recommendation as it pertains to the defense's establishment of a *prima facie* showing and an equal protection violation with regard to gender discrimination in the selection of grand jury forepersons is SUSTAINED and the petition is GRANTED.

IT IS FURTHER ORDERED that the state either reindict the defendant within 180 days or release the defendant. The state shall notify the defense and the Court of its intention within 60 days.

New Orleans, Louisiana, this 15th day of October, 2013.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE