UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK KENNEDY                                        CIVIL ACTION

VERSUS                                                 NO. 11-922

BURL CAIN                                              SECTION "C" (2)

ORDER AND REASONS

This matter comes before the Court on motion for stay of judgment pending appeal filed by the respondent, Burl Cain.  Rec. Doc. 47.   Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion for stay should be granted for the following reasons.

The Court granted habeas relief based on the petitioner's equal protection gender challenge relative to grand jury forepersons when he was indicted in May 1998 and ordered that the respondent either reindict the defendant within 180 days or release the petitioner.  Rec. Doc. 41.   The respondent filed a notice of appeal, and the petitioner filed his own notice of cross appeal.  Rec. Docs. 43, 50.   The respondent now seeks a stay of this Court's order pending appeal.

Under Fed. R. App. P. 23 ( c), [w]hile a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judges rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without security."   The

1

determination whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). The Court in *Hilton* recognized that Fed. R. App. P. 23(c), which applies in such cases, creates a presumption of release from custody, but that such a presumption may be overcome if a judge "otherwise orders." *Hilton*, 481 U.S. at 774. The Supreme Court further noted that federal courts may delay the release of a successful habeas petitioner in order to provide the Respondent an opportunity to correct the constitutional violation found by the court, which this Court has done by affording the 180 days to reindict the petitioner. *Id.* at 775.

In addition to the language of Rule 23 itself, the decision as to whether to grant a stay should also be guided by the general rules governing civil stays, Fed.R.Civ.P. 62 and Fed.R.App.P. 8, regulated by the following four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Hilton*, 481 U.S. at 776. The presumption in favor of release of the petitioner may be overcome if these traditional stay factors "tip the balance against it." *Id*. at 777.

2

In addition to these traditional stay factors, the Supreme Court directed that other factors be taken into consideration including the possibility of flight, the risk that a prisoner will pose a danger to the public if released if the respondent establishes such a risk, and the respondent's interest in continuing custody and rehabilitation pending a final determination of the case on appeal. *Id*. This last interest is "strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id*. The final factor to be considered is the interest of the habeas petitioner in his release pending appeal, which is "always substantial" and strongest when other factors are weakest. *Id*.

In this motion, the respondent argues that consideration of the relevant factors weighs in favor of a stay pending appeal. The petitioner argues that no relevant factor supports a stay.

<u>**Application of the Stay Factors**</u>

**(1)     Whether the stay applicant has made a strong showing that he is likely to succeed on the merits.**

The respondent argues that it has a strong likelihood of success on appeal because there is no bright-line rule governing disparities sufficient to constitute an equal protection violation. Rec. Doc. 47-1 at 8. The petitioner disagrees. The Court found that its ruling was mandated by the Fifth Circuit's own pronouncement of clearly established Federal law as determined by the United States Supreme Court for purposes

3

of 28 U.S.C. § 2254(d). Rec. Doc. 41 at 5-6. The Court finds that the respondent has not shown that it is likely to succeed on the merits for purposes of this motion.

**(2)     Whether the stay applicant will be irreparably injured absent a stay.**

The respondent argues irreparable injury without a stay because the petitioner will need to be re-incarcerated if released and because it is unreasonable to require the respondent to reindict the petitioner while appeal is pending. Rec. Doc. 47-1 at 8-9. The petitioner argues that there is nothing in the record to suggest that he will flee the jurisdiction. The possibility of flight will be discussed, but the Court finds that the distinct requirement of reindictment within 180 days does not constitute irreparable injury to the respondent.

**(3)     Whether issuance of the stay will substantially injure the other parties interested in the proceeding.**

The respondent next argues that the petitioner's retention in respondent custody is not prejudice "in the legal sense" because his legal position is not affected and that the status quo should be maintained for a short period of time. Rec. Doc. 47-1. The petitioner argues prejudice due to the harsh conditions attendant to his incarceration. Rec. Doc. 49 at 8. Again, the public safety issues will be discussed in due course. Despite finding that there is not a substantial likelihood of success on the merits, the Court does see substantial injury in requiring victims to testify before a grand jury if this Court is subsequently reversed on appeal. The Court finds that this factor weighs

in favor of a stay.

**(4)    Where the public interest lies.**

The respondent persuasively argues that the reasons provided by the Court in granting relief do not touch upon the compelling and substantial evidence presented at trial concerning the depraved violence associated with this crime and that a stay serves the public interest.  It also argues the fact that the petitioner was initially sentenced to death, and then resentenced to life imprisonment, thereby providing him a substantial incentive to flee if released.  The petitioner argues in opposition that the public has a strong interest in "the State of Louisiana taking a less cavalier response to evidence of discrimination." Rec. Doc. 49 at 10.   However, there is no suggestion that any unconstitutional selection of grand jury forepersons has continued.  This element supports the granting of a stay.

**(5)    Other factors.**

Again, the significant incentive to flee from a life sentence along with the violence depicted in the evidence at the initial trial attributable to the petitioner fully support the granting of a stay pending appeal.  *Hilton*, 481 U.S. at 779.   On balance, the Court finds that the respondent has sufficiently shown that the presumption favoring release is overcome in this case and that a stay pending appeal is appropriate.

Accordingly,

5

IT IS ORDERED that the motion for stay of order granting habeas corpus relief filed by the respondent Burl Cain is hereby GRANTED. Rec. Doc. 47.

New Orleans, Louisiana, this 19th day of December, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE